O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| VINCENT STEIB,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SONY PICTURES TELEVISION INC. et al.,<br><br>　　　　　Defendants. | Case № 2:22-cv-07491-ODW (ASx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [11] AND MOTION TO REMAND [13]** |

## I.　　INTRODUCTION

Plaintiff Vincent Steib initiated this employment discrimination action against his employers, Defendants Sony Pictures Television Inc. and Beachwood Services, Inc. in Los Angeles Superior Court. (Notice of Removal ("NOR") Ex. 3 ("Compl."), ECF No. 1-3.) Defendants removed the case on the grounds that Steib's claims are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (NOR ¶ 1, ECF No. 1.) Steib moves to remand. (Mot. Remand ("Mot.") 7–8, ECF No. 13.) Defendants move to dismiss. (Mot. Dismiss ("MTD"), ECF No. 11.) For the reasons that follow, the Court **GRANTS IN PART and DENIES IN PART** both motions.[1]

---

[1] Having carefully considered the papers filed in connection with the motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Vincent Steib is a 65-year-old African American male who has worked in the television and film industry for over forty years and has won numerous awards and accolades. (Compl. ¶ 9.) Beginning in approximately 2015 and continuing through October 2021, Steib was employed by Defendants as the Director of Photography for the television show *Days of our Lives*. (*Id.* ¶¶ 9–16.) During this time, Steib was a member of The International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Arts and Allied Crafts of the United States, Its Territories and Canada ("IATSE"), and the International Cinematographers Guild, Local 600, and therefore subject to the Collective Bargaining Agreements ("CBA") between the Union and Defendant Beachwood. (Mot. 9–10.)[2]

Steib alleges that throughout his employment with Defendants, he was subjected to a pattern and practice of racially discriminatory acts towards him, including inappropriate comments and threats of physical violence because of his race. (Compl. ¶¶ 9–16.) Steib reported the discriminatory, harassing, and retaliatory conduct to his supervisors, but they failed to meaningfully respond. (*Id.* ¶ 14.) In contrast, when Steib's harassers made allegations against Steib, Defendants did respond, by opening an investigation into Steib that resulted in his wrongful termination. (*Id.* ¶ 16.) Steib contends that Defendants singled Steib out due to his race by failing to investigate his complaints of discrimination and harassment, and by inadequately investigating his harassers' allegations against Steib. (*Id.*)

Steib filed his Complaint in Los Angeles Superior Court asserting eight claims: (1) race discrimination in violation of the California Fair Employment Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*; (2) harassment in violation of the FEHA; (3) retaliation in violation of the FEHA; (4) failure to prevent discrimination,

---

[2] The Court **GRANTS** Defendants' unopposed request for judicial notice of the agreements that comprise the CBA, (Req. Judicial Notice ISO Opp'n Mot. Remand Exs. A–E, ECF No. 16), because the CBA forms the basis for Defendants' argument that Steib's claims are preempted, *see Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1192–93 (C.D. Cal. 2015).

harassment, or retaliation in violation of the FEHA; (5) negligent hiring, supervision, and retention; (6) wrongful termination in violation of public policy; (7) intentional infliction of emotional distress ("IIED"); and (8) wages not paid upon termination in violation of California Labor Code sections 201 and 202. (*Id.* ¶¶ 21–65.)

Defendants removed the case to this Court based on LMRA preemption, and Steib now moves to remand. (Mot.) The remand motion is fully briefed. (Opp'n Remand, ECF No. 15; Reply Remand, ECF No. 18.) Defendants also move to dismiss Steib's Complaint as preempted and failing to state a claim. (MTD.) The motion to dismiss is also fully briefed. (Opp'n MTD, ECF No. 14; Reply MTD, ECF No. 19.)

### III. LEGAL STANDARDS

#### A. Motion to Remand

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil claims "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A corollary to the well-pleaded complaint rule is the doctrine of complete preemption, which "provides that Congress may so completely preempt a particular area that any civil complaint raising" that type of claim "is necessarily federal in character." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (internal quotation marks omitted). "[I]f a federal cause of action completely preempts a state cause of action[,] any complaint that comes within the scope of the

federal cause of action necessarily 'arises under' federal law." *Id.* (alterations in original) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 24 (1983)).  The complete preemption doctrine is a "narrow exception to the 'well-pleaded complaint rule.'" *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993).

A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed against removal jurisdiction, and the defendant has the burden of establishing that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

**B.     Motion to Dismiss**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The factual "allegations must be enough to raise a right to relief above the speculative level" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A court is generally limited to the pleadings and proper subjects of judicial notice, and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## IV.     DISCUSSION

The Court must resolve the issue of subject matter jurisdiction before the Court may consider the sufficiency of Steib's claims. *See Moore-Thomas*, 553 F.3d at 1246 (reversing district court's order granting motion to dismiss and instructing court to vacate judgment and remand to state court due to lack of subject matter jurisdiction).

Defendants removed this action to federal court on the grounds that all but one of Steib's claims are completely preempted by § 301 of the LMRA. (NOR ¶¶ 1, 16.) Steib contends that none of his claims is preempted, meaning this Court lacks subject matter jurisdiction and must remand. (Mot. 7–8.)

### A.    LMRA Preemption

Section 301(a) of the LMRA provides district courts with jurisdiction over claims arising from "violation of contracts between an employer and a labor organization representing employees in an industry." 29 U.S.C. § 185(a). Federal substantive law preempts state law in an action arising under § 301 to further the interest in uniform federal interpretation of collective bargaining agreements. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). However, despite the broad preemptive effect of § 301, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Id.* at 211. For instance, a claim that seeks to vindicate "nonnegotiable state-law rights . . . independent of any right established by contract" is not within the preemptive scope of § 301. *Id.* at 213.

To determine whether a state law claim is preempted by § 301 of the LMRA, the Court must first consider whether the asserted cause of action involves a right conferred upon an employee by virtue of state law or by the CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If the right exists "solely as a result of the CBA," the claim is preempted. *Id.* However, "claims are not simply CBA disputes by another name . . . if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (en banc) (citations omitted).

Second, if the right does exist independently of the CBA, the Court must then consider whether the right is "substantially dependent on analysis of a collective-bargaining agreement." *Burnside*, 491 F.3d at 1059 (quoting *Caterpillar*, 482 U.S.

at 394). If the claim requires the court to "interpret," rather than merely "look to," the CBA, then the claim is "substantially dependent" on analysis of the CBA and is preempted by § 301. *Id.* at 1059–60.

In the context of LMRA preemption, whether a court must "interpret" the CBA is defined narrowly to mean "something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). This determination is guided by the policies underlying § 301, including "promoting the arbitration of labor contract disputes, securing the uniform interpretation of labor contracts, and protecting the states' authority to enact minimum labor standards." *Id.* at 1108–09. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the [CBA] must inhere in the nature of the plaintiff's claim." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) (quoting *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc)). "[Section] 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer*, 255 F.3d at 691.

When the meaning of contract terms is not subject to dispute, "the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require" preemption. *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994); *see also Cramer*, 255 F.3d at 690 ("[E]ven if dispute resolution pursuant to a [CBA], on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes."). "Moreover, alleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim," nor is a "creative linkage between the subject matter of the claim and the wording of a CBA." *Cramer*, 255 F.3d at 691–92. Rather, "adjudication of the claim must require interpretation of a provision of the CBA." *Id.* at 691.

1  "The demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends itself to analytical precision." *Id.* Whether adjudication requires "interpretation" of the CBA's provisions will turn on "the specific facts of each case." *Id.*

**B.     Plaintiff's Claims**

Defendants assert that this Court has federal question jurisdiction because Steib's first and third through eighth claims are preempted by § 301 of the LMRA. (NOR ¶ 16; Opp'n Remand 18–34.)

*1.     FEHA (First, Third, Fourth Causes of Action)*

Steib argues his first, third, and fourth causes of action are not preempted because they arise from independent and nonnegotiable state-law rights, specifically those granted under the FEHA: (1) race discrimination, Cal. Gov't Code § 12940(a); (3) retaliation, *id.* § 12940(h); and (4) failure to prevent discrimination, harassment, and retaliation, *id.* § 12940(k). (Mot. 10–19.) Defendants contend the Court must interpret the CBA to resolve these claims. (Opp'n Remand 18–26.)

The Ninth Circuit has "consistently held that the LMRA does not preempt FEHA claims." *Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 574–75 (9th Cir. 2014) (citing *Detabali*, 482 F.3d at 1203). This is because the rights that FEHA claims assert are "independent" of CBAs. *Id.* (quoting *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993)). These "rights are 'nonnegotiable' and 'cannot be removed by private contract.'" *Ramirez*, 998 F.2d at 748.

Nevertheless, Defendants identify several provisions in the CBA that they contend must be interpreted to resolve these claims; specifically, to determine (1) whether Steib was "terminated" or instead his contract expired; (2) whether Steib was "qualified" for his position; and (3) whether Defendants had legitimate business reasons for their actions. (Opp'n Remand 18–25.) However, Steib's claims do not turn on an interpretation of any of the provisions Defendants identify. Rather, the analysis of Steib's FEHA claims will turn on whether he was subjected to race

discrimination, whether Defendants ignored his complaints and failed to prevent it, and whether Steib was discriminated and retaliated against for reporting the discrimination and harassment. *See Hendrix v. KTLA, LLC*, No. 2:20-cv-03520-DMG (PJWx), 2021 WL 3051979, at *4 (C.D. Cal. Jan. 3, 2021) (finding FEHA claims not preempted where the analysis turned on whether the plaintiff was subjected to discrimination and retaliation and whether the defendants ignored his complaints).

To the extent that certain aspects of the CBA may concern terms and conditions of employment, determination of seniority, or preference of employment, resolution of Steib's FEHA claims will still not be based interpretation of the meaning of any of the identified CBA terms, but will instead turn on Defendants' motivations for applying the CBA. *See Detabali*, 482 F.3d at 1203 ("A discrimination claim need not be preempted merely because certain aspects of the [CBA] govern work assignments and discharges."); *Bartlett v. All Am. Asphalt*, No. 5:20-cv-01449-JGB (KKx), 2020 WL 6118818, at *6 (C.D. Cal. Oct. 16, 2020) (finding no preemption of FEHA claims because "deciding whether race was a substantial motivating factor in Defendant's adverse employment actions against Plaintiff" would not require interpretation of the CBA). Moreover, Defendants' reliance on the CBA for legitimate business reasons in defense does not mandate § 301 preemption. *Cramer*, 255 F.3d at 691.

Steib's FEHA causes of action do not require interpretation of the CBA and are not preempted.[3]

---

[3] Defendants' reliance on *Saxe v. Cast & Crew Payroll, LLC*, No. 2:15-cv-01872-SJO (VBKx), 2015 WL 4648041 (C.D. Cal. Aug. 4, 2015), and *Armstrong v. WB Studio Enterprises*, No. 2:19-cv-09587-GW (JPRx), 2020 WL 1967566 (C.D. Cal. Apr. 24, 2020), is unavailing. Defendants argue the CBA language in *Saxe* was "identical to that before this Court," and had to be interpreted to determine whether an employee was terminated or his contract simply expired, so Steib's FEHA claims here will require similar CBA interpretation. (Opp'n Remand 19.) However, the portion of the *Saxe* decision that Defendants cite was not addressing *FEHA* claims, and the court in *Saxe* unmistakably held that the FEHA claims there were *not* preempted. 2015 WL 4648041, at *7 ("[T]he Ninth Circuit has repeatedly held that FEHA claims are not preempted by § 301, [so] Defendants' preemption argument fails."). Defendants similarly rely on *Armstrong* to argue that the Court will have to interpret the CBA here to determine whether Steib was "qualified" for his position. (Opp'n Remand 20–21.) The Court respectfully diverges from the reasoning in *Armstrong* because the need to "interpret" a CBA requires more than simply "looking to" its terms. *See*

### 2. *Negligent Hiring, Supervision, and Retention (Fifth Cause of Action)*

Steib alleges that Defendants acted negligently in the hiring, supervision, and retention of employees who discriminated, harassed, and retaliated against him based on his race. (Compl. ¶ 48.) Steib argues this fifth cause of action arises independently of and does not substantially depend on the CBA. (*See* Mot. 19.) Defendants contend the Court must interpret the CBA to resolve this claim. (Opp'n Remand 26–27.)

"State law negligence claims are preempted if the duty relied on is 'created by a [CBA] and without existence independent of the agreement.'" *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 999 (9th Cir. 2007) (quoting *United Steelworkers v. Rawson*, 495 U.S. 362, 369 (1990)).

Defendants identify CBA provisions concerning "Non-Discrimination, Diversity and Inclusion, and Diversity, Equity and Inclusion," which they argue must be interpreted to determine the particular duties of care owed to Steib. (Opp'n Remand 26 (citations omitted).) However, "the mere fact that a CBA contains antidiscrimination provisions regulating conduct that also violates state law, does not render the state law dependent on the terms of the contract." *Humble v. Boeing Co.*, 305 F.3d 1004, 1009 n.21 (9th Cir. 2002) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412–13 (1988)). Moreover, in his Complaint, Steib does not invoke or refer to any duty arising from the CBA. Rather, Steib contends that Defendants failed to use reasonable care in investigating, supervising, hiring, and retaining his harassers. (Compl. ¶ 48.) Such negligence claims arise from California common law, "are independent of the CBA[,] and are not preempted by the LMRA." *Hendrix*, 2021 WL 3051979, at *6 (citing *Ward*, 473 F.3d at 998–99).

Steib's negligence cause of action does not require interpretation of the CBA and is not preempted.

---

*Balcorta*, 208 F.3d at 1108–09; *Ramirez*, 998 F.2d at 748 (finding error in equating "reference" with "interpret").

9

### 3. Wrongful Termination—Public Policy (Sixth Cause of Action)

Steib asserts that he suffered wrongful termination in violation of public policy because he was terminated as a result of his opposition to the discrimination, harassment, and retaliation he faced from Defendants based on his race. (Compl. ¶ 51.) Steib argues this sixth cause of action is not preempted because it is based on the same allegations as the FEHA claims. (*See* Mot. 19.) Defendants contend the Court must interpret the CBA to resolve this claim. (Opp'n Remand 27–28.)

"A claim that a discharge violates public policy is preempted if it is not based on any genuine state public policy, or if it is bound up with interpretation of the collective bargaining agreement and furthers no state policy independent of the employment relationship." *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 643–44 (9th Cir. 1989) (internal quotation marks and alterations omitted). On the other hand, a claim of wrongful discharge in violation of public policy "is not preempted if it poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship." *Id.* at 644.

California has adopted a clear "public policy against workplace discrimination." *Brown*, 571 F. App'x at 575; Cal. Gov't Code § 12920 ("It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination . . . ."). Steib's wrongful termination claim is premised on racial discrimination and retaliation, and furthers the state interest in preventing workplace discrimination. This claim does not require interpretation of the CBA. *See Stearns v. Davis Wire Corp.*, No. 2:16-cv-02401-CAS (MRWx), 2016 WL 3008167, at *7 (C.D. Cal. May 23, 2016) (finding wrongful termination claim not preempted where it was premised on race-based termination and retaliation for complaints about discrimination).

Nevertheless, Defendants argue this claim is preempted because the Court will need to interpret the CBA to determine whether Steib was "terminated" or instead his

"daily or weekly" contract was simply not renewed. (Opp'n Remand 27.) Defendants rely on *Saxe* to argue that the Court will need to interpret the CBA provisions concerning the guaranteed length of employment. (*Id.* (citing *Saxe*, 2015 WL 4648041, at *7).) To the extent the court in *Saxe* found that CBA "provisions imposing a fixed day- or week-long term of employment" required interpretation to resolve Saxe's claim for wrongful termination, the Court finds Defendants' reliance on *Saxe* unavailing. First, Defendants here raise the CBA terms concerning length of employment as a defense, and a defendant's reference to provisions of the CBA for its defense does not mandate § 301 preemption. *Cramer*, 255 F.3d at 691. Second, the guaranteed length of employment provisions Defendants identify are clear and undisputed, meaning no "interpretation" will be required to determine whether Steib was terminated or his contract not renewed. *See Cramer*, 255 F.3d at 692 ("The argument does not become credible simply because the court may have to consult the CBA to evaluate it; 'look[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." (alteration in original)).

Steib's wrongful termination cause of action does not require interpretation of the CBA and is not preempted.

   *4.  Intentional Infliction of Emotional Distress (Seventh Cause of Action)*

Steib argues his seventh cause of action for IIED is not preempted because it arises independently and does not require interpretation of the CBA's terms. (*See* Mot. 19–20.) "[A]n IIED claim will not be preempted if the CBA does not cover the allegedly extreme and outrageous conduct." *Brown*, 571 F. App'x at 574 (citing *Humble*, 305 F.3d at 1013).

Defendants contend the Court must interpret the CBA to resolve this claim. (Opp'n Remand 28–29.) Specifically, Defendants argue that the "outrageousness" of the conduct Steib alleges "must be measured in light of the meaning of the CBA's provisions regarding qualifications, preferences in hiring, guaranteed length of employment, and Diversity and Inclusion." (*Id.*) Defendants' argument lacks merit.

11

First, Defendants fail to meaningfully connect the identified CBA provisions to Steib's IIED allegations. *See Cramer*, 255 F.3d at 691–92 ("A creative linkage between the subject matter of the claim and the . . . CBA provisions is insufficient [to preempt the claim]."). Moreover, none of the provisions Defendants identify permit the outrageous conduct at issue here, discrimination, harassment, and retaliation based on race. (*See* Compl. ¶ 57.) Nor could they: "§ 301 does not grant the parties to a [CBA] the ability to contract for what is illegal under state law." *Cramer*, 255 F.3d at 695 (quoting *Allis-Chalmers*, 471 U.S. at 212).

The CBA does not cover the alleged extreme and outrageous conduct, and Steib's IIED cause of action is not preempted.

5. *Final Wages Not Timely Paid (Eighth Cause of Action)*

Steib argues his eighth cause of action for final wages pursuant to California Labor Code section 201 is not preempted because it does not require interpretation of the CBA. (Mot. 20–22.) Defendants contend this claim is preempted under both prongs of *Burnside*: first, because California Labor Code provisions except employees covered by qualifying CBAs from the statutory claim, so Steib's eighth claim exists solely as a result of the CBA; and second, because resolution of the claim requires interpretation of the CBA's terms. (Opp'n Remand 29–34.)

California Labor Code section 201.5(b) requires that "[a]n employee engaged in the production . . . of motion pictures whose employment terminates . . . [must] receive payment of the wages earned and unpaid at the time of the termination by the next regular payday." However, employees can agree to waive this right in favor of alternate terms, as section 201.5(e) expressly "authorize[s] employers and employees to set alternate rules for the final payment of wages in a [CBA]." *Hall*, 146 F. Supp. 3d at 1201. Section 201.5(e) expressly provides that "[n]othing in this section prohibits the parties to a valid collective bargaining agreement from establishing alternative provisions for final payment of wages to employees covered by this section if those provisions do not exceed the time limitation established in Section 204." This

means that, where a CBA provides "alternate rules for the final payment of wages," section 201 no longer applies. *Hall*, 146 F. Supp. 3d at 1201.

Here, it is undisputed that Steib was an employee involved in the production of motion pictures, so any statutory claim for failure to timely pay final wages would arise via section 201.5(b). (*See* Compl. ¶ 9 (alleging employment as Director of Photography on television program); Opp'n Remand 30 (applying section 201.5(b))); Cal. Lab. Code § 201.5(a)(1). However, as authorized by section 201.5(e), Steib and Defendants agreed via the CBA to "alternative provisions for final payment of wages." Cal. Lab. Code § 201.5(e); (*see* Opp'n Remand 31 (citing Decl. Katya Culberg Ex. B at 236 ("Pay-off Requirements"), ECF No. 3).) In particular, the CBA establishes "Pay-off Requirements," including that the "regular payday" is Thursday, and that an employee who is laid off "shall be paid at time of layoff or his pay check will be mailed within twenty-four (24) hours, excluding Saturdays, Sundays and holidays." (Pay-off Requirements § a.)

The CBA here establishes a qualifying[4] "alternative provision[] for final payment of wages," Cal. Lab. Code § 201.5(e), which means the other provisions of section 201.5 no longer apply, *see Hall*, 146 F. Supp. 3d at 1202 (finding final wage claim preempted where the CBA explicitly "establishe[d] alternate terms for final wage payments"). As such, Steib's claim for final wages exists as a result of the CBA, not the statute, and it is preempted and the Court's preemption analysis ends here. *Burnside*, 491 F.3d at 1059 ("If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there.").

As the eighth cause of action is preempted, the Court possesses federal question jurisdiction and may consider Defendants' motion to dismiss.

---

[4] A "qualifying" CBA under Labor Code section 201.5(e) must comply with the time limitations established by section 204. The CBA here complies as it requires final wages to be paid "at the time of layoff" or mailed within twenty-four hours, which is less than the time limitations of section 204. (*See* Pay-off Requirements § a); Cal. Lab. Code § 204(d) ("The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period").

### C. Motion to Dismiss

Defendants move to dismiss Steib's eighth cause of action for unpaid final wages on the same grounds they raised in opposition to Steib's motion to remand, namely that the claim is preempted under both prongs of *Burnside*. (MTD 35–38.) Steib opposes Defendants' dismissal motion, but does not respond to Defendants' arguments that the final wages claim arises as a result of the CBA and is therefore preempted under the first prong of *Burnside*. (*See* Opp'n MTD 23–25 (arguing only that the claim does not require interpretation of the CBA).)

As stated above, the Court finds Steib's eighth cause of action for unpaid final wages fails as a matter of law because it exists as a result of the CBA and is therefore preempted by the LMRA under the first prong of *Burnside*. This alone is "sufficient basis for dismissal." *Hall*, 146 F. Supp. 3d at 1208; *Allis–Chalmers*, 471 U.S. at 220 (holding that when a claim is preempted because of a CBA, "that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law"). As such, the Court grants Defendants' motion to dismiss the eighth cause of action for final wages under California Labor Code 201 without leave to amend.

### D. Supplemental Jurisdiction

A court may properly decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[N]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties."). Having dismissed the sole federal cause of action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See Bartlett*, 2020 WL 6118818, at *9 (declining supplemental jurisdiction over remaining state law claims after dismissing sole federally preempted claim). Accordingly, the Court grants Steib's motion to remand the remainder of his claims because they are not preempted, and denies as moot Defendants' motion to dismiss the remaining state law claims.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Defendants' motion to dismiss, and **DISMISSES** Plaintiff's eighth cause of action. The Court declines to exercise supplemental jurisdiction and therefore **DENIES IN PART**, as moot and without prejudice, Defendants' motion to dismiss Plaintiff's first through seventh causes of action. (ECF No. 11.) The Court **GRANTS** Plaintiff's motion to remand and **REMANDS** the first through seventh causes of action to the Los Angeles County Superior Court. (ECF No. 13.)

All dates and deadlines are **VACATED**. This case is hereby **REMANDED** to the Superior Court of California, County of Los Angeles, Case No. 22STCV29302, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles California, 90012. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

May 5, 2023

_____
                    **OTIS D. WRIGHT, II**
            **UNITED STATES DISTRICT JUDGE**